**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
**F I L E D**

**JUN 0 7 2018**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                    **INDICTMENT NO.** 5:18 - CR-73 -JMH

**COLTON GRUBBS**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 18 U.S.C. § 371

1.     From at least on or about May 1, 2016, and continuing through July 10,

2017, in Lincoln County and Fayette County in the Eastern District of Kentucky and

elsewhere,

**COLTON GRUBBS**

together with others, knowingly and voluntarily joined and participated in a conspiracy to

commit the crime of intentionally and without authorization accessing a computer used in

or affecting interstate or foreign commerce or communication, and thereby obtaining

information from a protected computer to further a tortious and criminal act, specifically

invasion of privacy and violating 18 U.S.C. § 1028(a)(7).  All in violation of 18 U.S.C.

§ 1030(a)(2)(C) and 18 U.S.C. § 1030(c)(2)(B)(ii).

## OBJECT OF THE CONSPIRACY

2.      The object of the conspiracy was to sell and use LuminosityLink computer software for unauthorized computer intrusions.

## OVERT ACTS

3.      To further the conspiracy and advance the object of the conspiracy, one or more of the co-conspirators committed at least one of the following overt acts, among others, in the Eastern District of Kentucky and elsewhere:

4.      Defendant, **COLTON GRUBBS**, developed the LuminosityLink software, which included features allowing the unauthorized access and control of other people's computers.

5.      On or about June 3, 2016, Defendant, **COLTON GRUBBS**, registered Luminosity Security Solutions LLC with the Kentucky Secretary of State, signing his name as the owner and organizer.

6.      Defendant, **COLTON GRUBBS**, advertised the availability of LuminosityLink software on a public internet forum called HackForums.net, while using the alias "KFC Watermelon."

7.      Defendant, **COLTON GRUBBS**, administered the website luminosity.link to advertise and sell LuminosityLink software.

8.      Defendant, **COLTON GRUBBS**, used the public internet forum and his website to promote the features of LuminosityLink software that made it possible for purchasers to access and control victim computers; to view their files, login credentials,

and personal identifying information; and to surveil and record user activity on victim computers.

9.      Defendant, **COLTON GRUBBS**, used the public internet forum and his website to provide information about other software that LuminosityLink purchasers could use to conceal their identities and hide LuminosityLink from victim computer anti-virus software, so that LuminosityLink software could be installed on victim computers without the victims' knowledge or permission.

10.     Defendant, **COLTON GRUBBS**, explained on his website a privacy policy that allowed users to anonymously purchase LuminosityLink software.

11.     Defendant, **COLTON GRUBBS**, answered questions via public internet posts and private direct messages from potential and actual purchasers of LuminosityLink seeking to use the software to get unauthorized and undetected access to victim computers and steal information.

12.     On or about May 1, 2016, Defendant, **COLTON GRUBBS**, began a "LuminosityLink Support Thread" on HackForums.net, located in the forum "Remote Administration Tools," within the forum "Hacking Tools and Programs," within the forum "Hacks, Exploits, and Various Discussions."

13.     Defendant, **COLTON GRUBBS**, recruited and encouraged co-conspirators to answer questions on Skype, an internet messaging service, from potential and actual purchasers of LuminosityLink seeking to use the software to get unauthorized and undetected access to victim computers and steal information.

14.     On or about May 1, 2016, Defendant, **COLTON GRUBBS**, posted in the "LuminosityLink Support Thread" on HackForums.net, asking users "Interested in helping out members, and gaining a reputation?  Join the support team here."

15.     Defendant, **COLTON GRUBBS**, sold, and organized co-conspirators to sell, the LuminosityLink software over the internet.

16.     Defendant, **COLTON GRUBBS**, operated a software licensing system to prevent actual LuminosityLink purchasers from freely sharing the software with other users, in order to maximize his proceeds from sales of LuminosityLink software.

17.     Defendant, **COLTON GRUBBS**, received proceeds in the form of money and virtual currency from selling LuminosityLink software.

18.     Defendant, **COLTON GRUBBS**, arranged that a co-conspirator receive payments for LuminosityLink software using an internet payments system from which Defendant, **COLTON GRUBBS**, had been banned.

19.     In September 2016, Defendant, **COLTON GRUBBS**, updated the LuminosityLink software.

All in violation of 18 U.S.C. § 371.

**COUNT 2**
**18 U.S.C. § 1030(a)(5)(B)**
**18 U.S.C. § 2**

20.     All above paragraphs are re-alleged here.

21.     From on or about April 14, 2015, and continuing through July 10, 2017, in Lincoln County and Fayette County, in the Eastern District of Kentucky,

**COLTON GRUBBS**

intentionally aided and abetted others in intentionally and without authorization accessing computers used in or affecting interstate or foreign commerce or communication, resulting in recklessly causing damage to protected computers, and causing loss of at least $5,000 and damage affecting 10 or more protected computers between June 1, 2016 through May 31, 2017. All in violation of 18 U.S.C. § 1030(a)(5)(B), 18 U.S.C. § 1030(c)(4)(A)(i)(I), 18 U.S.C. § 1030(c)(4)(A)(i)(VI), and 18 U.S.C. § 2.

### COUNT 3
### 18 U.S.C. § 2232(a)

22.     On July 10, 2017, in Fayette County, in the Eastern District of Kentucky,

### COLTON GRUBBS

did knowingly transfer, remove, and conceal property for the purpose of preventing and impairing the Government's lawful authority to take this property into its custody, before a search and seizure of property in his apartment by persons authorized to make this search and seizure. All in violation of 18 U.S.C. § 2232(a).

### COUNTS 4-9
### 18 U.S.C. § 1956(a)(1)(B)(i)

23.     All above paragraphs are re-alleged here.

24.     On or about the dates listed below, in the Eastern District of Kentucky,

### COLTON GRUBBS

conducted financial transactions affecting interstate or foreign commerce, which involved the proceeds of the specified unlawful activity of conspiring to access and obtain information from protected computers without authorization to further a tortious and criminal act in violation of 18 U.S.C. § 1030(a)(2)(C) and 18 U.S.C. § 1030(c)(2)(B)(ii),

knowing that the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of unlawful activity, as specified below:

| Count | Approximate Amount | On or About Date |
|-------|--------------------|------------------|
| 4 | 12.8 bitcoin | 7/13/17 |
| 5 | 46 bitcoin | 7/13/17 |
| 6 | 24 bitcoin | 7/13/17 |
| 7 | 31 bitcoin | 7/13/17 |
| 8 | 1 bitcoin | 7/13/17 |
| 9 | 0.08 bitcoin | 7/13/17 |

Each in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### COUNT 10
### 18 U.S.C. § 1956(h)

25.     All above paragraphs are re-alleged here.

26.     From in or about May 2016, and continuing through July 10, 2017, in Lincoln County and Fayette County, in the Eastern District of Kentucky and elsewhere,

### COLTON GRUBBS

knowingly and voluntarily joined and participated in a conspiracy to commit the crime of conducting financial transactions affecting interstate or foreign commerce, knowing that the transactions involved the proceeds of some form of unlawful activity, with the intent to promote the specified unlawful activity of conspiring to access and obtain information from protected computers without authorization to further a tortious and criminal act in violation of 18 U.S.C. § 1030(a)(2)(C) and 18 U.S.C. § 1030(c)(2)(B)(ii), and where the transactions involved the proceeds of this specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

27.     The object of the conspiracy was to sell LuminosityLink software for use in unauthorized computer intrusions, and collect money using PayPal, an internet payments system from which Defendant, **COLTON GRUBBS**, had been banned.

28.     The manner of the conspiracy was that Defendant, **COLTON GRUBBS**, agreed that a co-conspirator would receive internet payments using PayPal for sales of LuminosityLink software, and then transfer the majority of that money to Defendant, **COLTON GRUBBS.**

All in violation of 18 U.S.C. § 1956(h).

### FORFEITURE ALLEGATION
**18 U.S.C. § 981(a)(1)(c)**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 982(a)(2)(B)**
**18 U.S.C. § 1030(i)(1)**
**28 U.S.C. § 2461(c)**

29.     All above paragraphs are re-alleged here.

30.     Upon convictions for felony crimes charged in Counts 1, 2, and 4 through 10, Defendant, **COLTON GRUBBS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1030(i)(1), and 28 U.S.C. § 2461(c), any real and personal property which constitutes or is derived from proceeds traceable to those crimes, including but not limited to the following:

   a)     $134,131 money judgment representing proceeds from the felony crimes;

b) 114.8 bitcoin found in five accounts controlled by Defendant, **COLTON GRUBBS**;

c) $52,482.14 found in JPMorgan Chase Bank account ending #6827 in the name of Defendant, **COLTON GRUBBS**;

d) $45,007 cash found in a bedroom of Defendant, **COLTON GRUBBS**;

e) any personal property used or intended to be used to commit or facilitate the violations alleged in Counts 1 and 2.

31.     If any of the proceeds described above, as a result of any act or omission of Defendant, **COLTON GRUBBS**:

a) cannot be located upon the exercise of due diligence;

b) have been transferred or sold to, or deposited with, a third party;

c) have been placed beyond the jurisdiction of the court;

d) have been substantially diminished in value; or

e) have been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendant, **COLTON GRUBBS**, up to the value of the property subject to forfeiture.

All pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C.

§ 982(a)(1), 18 U.S.C. § 1030(i)(1), and 28 U.S.C. § 2461(c).


**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

## <u>PENALTIES</u>

**COUNTS 1-3:**  Not more than 5 years imprisonment; not more than a $250,000 fine or twice the value of the gross gain or gross loss from the offense, whichever is greater; and not more than 3 years supervised release.

**COUNTS 4-10:**  Not more than 20 years imprisonment; not more than a $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; and not more than 3 years supervised release.

**PLUS:**  Mandatory special assessment of $100 for Counts 1-10.

**PLUS:**  Forfeiture, as alleged.

**PLUS:**  Restitution, if applicable.